UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARDEEP PARDEEP,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>                              Respondents. | Case No.:  26-cv-940-RSH-BLM<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[ECF No. 3] |

On February 13, 2026, petitioner Pardeep Pardeep filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner subsequently filed a motion for a temporary restraining order ("TRO") on February 17, 2026. ECF No. 3. On February 26, 2026, Respondents filed a return. ECF No. 5.

Petitioner is a citizen of India. ECF No. 5 at 1. On December 23, 2024, Petitioner came to the United States and was taken into immigration custody. ECF No. 1 at 1. On August 19, 2025, an immigration judge ordered that Petitioner be removed to India, but also granted withholding of removal. ECF No. 1 at 1; ECF No. 5 at 2. Both parties waived appeal, making the order of removal final as of that date. ECF No. 5 at 2. Petitioner is currently held at Otay Mesa Detention Center in San Diego, California. ECF No. 1 at 1.

Petitioner contends that pursuant to the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), he must be released from immigration custody because there is no significant likelihood that he can be removed in the reasonably foreseeable future. ECF No. 1 at 5. This Court has jurisdiction to review such a claim on a petition for writ of habeas corpus. *Zadvydas* 533 U.S. at 699 ("Whether a set of particular circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal is determinative of whether the detention is, or is not, pursuant to statutory authority. The basic federal habeas corpus statute grants the federal courts authority to answer that question.").

In *Zadvydas*, the Supreme Court construed 8 U.S.C. § 1231(a)(6), the statutory provision authorizing detention of a noncitizen subject to a final order of removal beyond the 90-day removal period, and concluded that the "statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. The Court held that after a six-month "presumptively reasonable period of detention," "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Respondents agree that Petitioner's detention has exceeded the six-month presumptively reasonable period, but argue that Petitioner has not met his burden to show that there is no significant likelihood of removal in the reasonably foreseeable future. ECF No. 5 at 5. Respondents advise that ICE is actively working to locate a third country for resettlement to effectuate Petitioner's removal to a country other than India. *Id.*

On the record presented here, the Court determines that Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, and Respondents have not rebutted that showing. Petitioner has been detained for over fourteen months, and his order of removal has been final for over seven months. He cannot be removed to India, but ICE has not yet identified a country to which

26-cv-940-RSH-BLM

it will seek to remove Petitioner. The declaration submitted by Respondents reflect numerous communications about Petitioner's removal, but all these communications seem to be internal to ICE. *See* ECF No. 5-1 ¶¶ 9-11. There appears to the Court no significant likelihood of Petitioner's removal to any country in the reasonably foreseeable future.

Accordingly, the Petition is **GRANTED**. Respondents are ordered to release petitioner Pardeep Pardeep from custody ***within one (1) day of the date of this order***, subject to such terms of supervision as may be appropriate. The Court declines to issue further injunctive relief; the Petition does not set forth an adequate legal basis for issuing a permanent injunction, on a petition for writ of habeas corpus, that would determine the terms on which Petitioner can be removed in the future.

Petitioner's application for a temporary restraining order [ECF No. 3] is **DENIED** as moot.

The Court **VACATES** the hearing date set for March 12, 2026.

**IT IS SO ORDERED**.

Dated: February 26, 2026

_____
Hon. Robert S. Huie
United States District Judge